## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00471-SCT

*LARRY BRIDGES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/97 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | WALTHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN E. JACKSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY KLINGFUSS |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 6/18/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/9/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND WALLER, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. Larry Bridges appeals from the Circuit Court of Wathall County where he was indicted for the sale of cocaine, enhanced as a second offender, and for sale within fifteen hundred feet of a church, in violation of Miss. Code Ann. §§ 41-29-139, 41-29-142, 41-29-147.

¶2. On May 10, 1996, Bridges was approached by a confidential informant who was fitted with a body wire. He allegedly sold three rocks of cocaine to this informant. This transaction was captured on audio-tape which was presented at his trial which took place on March 27, 1997. Judge Keith Starrett presided at the jury trial where Bridges was found guilty of unlawful sale of cocaine. The trial court sentenced Bridges to serve a term of twenty-three (23) years in the custody of the Mississippi Department of Corrections, with the last five years to be served on post release supervision. Additionally, Bridges was sentenced to pay a five thousand dollar ($5,000) fine, and costs of court. After denial of post-trial motions, Bridges timely perfected his appeal raising the following issues:

**I. WHETHER TESTIMONY ELICITED FROM THE STATE'S WITNESSES RAISES**

**REASONABLE DOUBT WARRANTING A REVERSAL OF CONVICTION?**

**II. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S REQUEST FOR A NEW TRIAL?**

## DISCUSSION OF THE ISSUES

**I. WHETHER TESTIMONY ELICITED FROM THE STATE'S WITNESSES RAISES REASONABLE DOUBT WARRANTING A REVERSAL OF CONVICTION?**

**II. WHETHER THE TRIAL COURT ERRED IN DENYING BRIDGES'S REQUEST FOR A NEW TRIAL?**

¶3. We will address both of these assignments of error with one analysis as the same facts are applicable to both issues.

### 1. Weight of the Evidence

¶4. Bridges argues that the verdict of the jury was against the overwhelming weight of the evidence. He states that there was no credible evidence which would tend to show that he sold cocaine to the confidential informant, Barbara Virgil, and that the jury's verdict was for that reason against the overwhelming weight of the evidence.

¶5. "To determine whether a jury verdict is against the overwhelming weight of the evidence, [this Court] view[s] all of the evidence in the light consistent with the verdict and give[s] the State all favorable inferences which may be drawn from the evidence." *Strong v. State*, 600 So.2d 199, 204 (Miss. 1992) (*citing Corley v. State*, 584 So.2d 769, 773 (Miss. 1991)). This Court will reverse only when it is convinced that the trial court has abused its discretion in failing to grant a new trial. *Strong*, 600 So.2d at 204.

### 2. Sufficiency of the Evidence

¶6. Bridges also contends that the trial court erred in ruling that the evidence was legally sufficient to support a conviction for the sale of cocaine and that he is entitled, as a matter of law, to reversal and discharge. He argues that the State failed to prove by way of its witnesses and evidence that he had sold cocaine to Virgil, the confidential informant. "When reviewing the sufficiency of the evidence, this Court looks at the lower court's ruling `on the last occasion when the sufficiency of the evidence was challenged.'" *Ballenger v. State*, 667 So.2d 1242, 1252 (Miss. 1995) (*quoting Green v. State*, 631 So.2d 167, 174 (Miss. 1994)). The last occasion upon which Bridges challenged the sufficiency of the evidence was in his Motion for a New Trial. Therefore, this Court is to consider all of the evidence presented throughout the course of the trial. "All evidence and inferences derived therefrom, tending to support the verdict, must be accepted as true, while all evidence favoring the defendant must be disregarded." *Ballenger*, 667 So.2d at 1252. *See also Rhodes v. State*, 676 So.2d 275, 281 (Miss. 1996); *Hart v. State*, 637 So.2d 1329, 1340 (Miss. 1994); *Clemons v. State*, 460 So.2d 835 (Miss. 1984). "Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury." *Wetz v. State*, 503 So.2d 803, 808 (Miss. 1987). Therefore, this Court will not disturb a jury's finding unless it is found that no reasonable and fairminded hypothetical juror could

find beyond a reasonable doubt that the defendant was guilty. *Ballenger*, 667 So.2d 1252-53.

### 3. Analysis

¶7. Bridges was charged with a violation of Miss. Code Ann. § 41-29-139(a)(1) (1993)which states that it is unlawful for any person knowingly or intentionally:

> (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance . . . .

His violation was enhanced as a second offender according to Miss. Code Ann. § 41-29-147 (1993) and for sale of cocaine within fifteen hundred feet of a church according to Miss. Code Ann. § 41-29-142 (1993).

¶8. Bridges now argues that there were significant discrepancies when comparing Agent Norman Golman's and Barbara Virgil's testimony regarding the thoroughness of the search of her person during the buy of cocaine and the number of rocks of cocaine that she purchased from Bridges. He also states that Virgil was not a reliable witness as she was a drug user and had testified in the indictment of another alleged to have sold drugs and she was shown to have lied. Furthermore, Bridges points out that Virgil has a prior felony forgery conviction.

¶9. Bridges asserts that Virgil's testimony was not reliable and, thus, the State failed to prove each element of its case beyond a reasonable doubt. He further asserts that the jury failed to consider this fact in its deliberation leaving its verdict contrary to the overwhelming weight of the evidence.

¶10. It appears from the record that the State presented each element of the crime. Officer Golman testified as to the scenario and the use of the confidential informant. He testified as to the procedures followed, establishing venue and the chain of custody of the cocaine sold on the night in question. Golman testified about the making of the audio tape of the transaction and identified the voice on the tape as that of Bridges. The audio tape was played for the jury by both the State and defense counsel.

¶11. Upon listening to the audio tape, one can hear the confidential informant making comments into the microphone concerning identification information and license plate information while she is purchasing drugs. After the transaction, there is no break between the time she buys the crack cocaine and transfer of the controlled substance to the supervising officer, Golman. She drives directly from the scene to Officer Golman and turns the controlled substances immediately over to him.

¶12. The State also called a scientist from the crime lab who was qualified and accepted as an expert in his field. This expert testified that the substance presented for analysis was, in fact, cocaine.

¶13. Barbara Virgil, the confidential informant, also testified for the State. She completed the presentation of the State's evidence in chief by identifying Bridges in the courtroom and giving a descriptive narrative of the transaction. This testimony appears to corroborate the taped evidence that the jury already had an opportunity to hear.

¶14. Bridges testified that he did not see Virgil on the night in question and did not sell her any

cocaine. If fact, he testified that he did not remember where he was on the night of the alleged transaction.

¶15. The jury was able to hear the testimony of Officer Golman, Barbara Virgil, and the defendant, Bridges. It is for the jury to listen to all testimony and determine who is a credible witness and whether the evidence supports the crime charged.

> Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That resolution results from the jurors hearing and observing the witnesses as they testify, augumented [sic] by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.

*Groseclose v. State*, 440 So.2d 297, 300-1 (Miss. 1983) (*quoting* **Gandy v. State**, 373 So.2d 1042 (Miss. 1979)). Thus, it is not this Court's function to determine whose testimony to believe and as such we should not disturb a jury's finding on conflicting testimony where there is substantial evidence to support the jury's verdict. *Allman v. State*, 571 So.2d 244, 253 (Miss. 1990).

¶16. In the case sub judice, the jury obviously had the opportunity to compare Bridges' voice with the voice on the tape. This comparison, coupled with the testimony of Officer Golman and confidential informant, Barbara Virgil, was ample additional credible testimony to prove guilt. *Lindsey v. State*, 279 So.2d 913 (Miss. 1973); *Gray v. State*, 549 So.2d 1316 (Miss. 1989) (voice identification is competent identification of an accused). Accordingly, there was legally sufficient credible evidence to support each and every element of the crime for which Bridges was charged. Thus, the trial court was correct in overruling Bridges' motion for a directed verdict. Furthermore, when viewing all evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court finds that the verdict was not against the overwhelming weight of the evidence. The trial court did not err in failing to grant Bridges' Motion for a JNOV or in the alternative, a New Trial. These two issues are without merit.

## CONCLUSION

¶17. Bridges asserts two issues. His first issue asserts that the evidence was not legally sufficient to support all the elements required to find him guilty of the charges brought against him. His second was that the jury's verdict was against the overwhelming weight of the evidence. However, there was ample evidence to support the elements of the crime charged and the verdict of the jury. There was no abuse of discretion made on the part of the trial court. Therefore, Bridges first and second assignment of error are without merit.

¶18. **CONVICTION OF UNLAWFUL SALE OF COCAINE AND SENTENCE OF TWENTY-THREE (23) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FIVE (5) YEARS TO BE SERVED ON POST RELEASE SUPERVISION AND PAYMENT OF A FINE OF $5,000.00 AND ALL COURT COSTS AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**