KING, P.J.,
for the Court:
¶ 1. Darius Vaxter was convicted of possession of a controlled substance with intent to distribute, in violation of Miss.Code Ann. § 41-29-139(a)(l) (Rev.1993). He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Vaxter appeals and argues three points of error. This Court quotes these alleged errors verbatim:
I. THE TRIAL COURT ERRED IN ADMITTING, OVER OBJECTION, TWO FIREARMS, AND EXHIBITING, ALSO OVER OBJECTION, TWO PAGERS, WITHOUT PROOF OF OWNERSHIP BY THE APPELLANT, TO THE EXTREME PREJUDICE TO THE APPELLANT.
II. THE VERDICT IN THIS CASE IS NOT PREDICATED UPON PROOF BEYOND A REASONABLE DOUBT OF INTENT TO DISTRIBUTE OR TRANSFER A CONTROLLED SUBSTANCE, AND REQUIRES REVERSAL.
III. THE INCONSISTENT VERDICTS OF THE JURY IN THIS CASE DEMONSTRATE CONFUSION AND THE GUILTY VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL AND CONTRARY TO THE ESTABLISHED LAW IN THIS STATE AND SHOULD BE REVERSED.
¶ 2. Finding no error, this Court affirms the circuit court judgment.

FACTS

¶ 3. On the evening of March 11, 1996, Officers Richard Rader and Ken McClenic of the Jackson County Sheriffs Department and Lannie Moss, a confidential informant, designed a plan that involved entering a house trailer where Vaxter resided and then attempting to purchase il *848 legally controlled substances. The officers followed Moss from his home to an area close to the trailer located in Jackson County, Mississippi. Moss was equipped with a microphone and fifty dollars of “buy money.”
¶4. Moss arrived at the trailer and knocked on the door. Vaxter answered, and Moss asked to purchase fifty dollars of crack cocaine. Vaxter removed three rocks of cocaine from his pocket and handed them to Moss. Moss gave Vaxter the fifty dollars and left the trailer.
¶ 5. Moss drove to a nearby church to meet Officers Rader and McClenic. He gave them the rock cocaine. Officer Rad-er field tested the drugs and determined that it was indeed cocaine.
¶ 6. Officers Rader and McClenic, with the assistance of other officers, returned to the trailer and executed a search. While executing the search, Officer Rader heard a toilet flush. A pipe which ran from the bathroom to underneath the trailer was subsequently opened. Two bags of cocaine were found. One bag contained rock cocaine and the other contained powder cocaine.
¶ 7. Officer Rader seized $1090 from Vaxter’s pocket. A pistol and shotgun were seized from the living room.
¶ 8. Vaxter was subsequently indicted on two charges, possession of cocaine with the intent to distribute and transfer of a controlled substance. A trial was held, and the jury convicted Vaxter of the former charge. His motions for judgment notwithstanding the verdict and new trial having been denied, Vaxter now appeals his conviction and sentence.

ISSUES

I. THE TRIAL COURT ERRED IN ADMITTING, OVER OBJECTION, TWO FIREARMS, AND EXHIBITING, ALSO OVER OBJECTION, TWO PAGERS, WITHOUT PROOF OF OWNERSHIP BY THE APPELLANT, TO THE EXTREME PREJUDICE TO THE APPELLANT.
¶ 9. Vaxter argues on appeal that he was not the owner of the green pager or the two firearms; therefore, these items were improperly seized. He admits to having owned the black pager, but argues that it was irrelevant evidence because he used it to assist his mother in business endeavors.
¶ 10. A review of the record reveals that the pagers were merely marked by the State for identification purposes only. They were not admitted into evidence for the jury’s evaluation; therefore, Vaxter’s argument on appeal regarding the pagers is without merit.
¶ 11. Vaxter also argues that the weapons should not have been admitted, as the fruits of an illegal search. Because this issue was not first presented to the trial court, it is proeedurally barred. Woodward v. State, 726 So.2d 524, 526(¶ 3)(Miss 1997). This court will not find error in matters which were not first presented to the trial court for resolution. Smith v. State, 724 So.2d 280, 301 (¶ 65)(Miss.1998).
¶ 12. Vaxter also agues that the weapons were irrelevant, since the State failed to prove that the weapons were owned by him.
¶ 13. While there was no specific testimony that the weapons were owned by Vaxter, sufficient facts existed from which the jury could reasonably conclude that the weapons were owned by Vaxter. Among those facts were the appearance that Vaxter lived in the trailer and his proximity to the weapons.
¶ 14. Where sufficient facts exist to support the jury’s finding, this court will not disturb that finding. Bridges v. State, 716 So.2d 614, 617 (¶ 17)(Miss.1998)
II. THE VERDICT IN THIS CASE IS NOT PREDICATED UPON PROOF BEYOND A REASONABLE DOUBT OF INTENT TO DISTRIBUTE OR *849 TRANSFER A CONTROLLED SUBSTANCE, AND REQUIRES REVERSAL.
¶ 15. In Vaxter’s second assignment of error, he contends that the State failed to present any evidence to prove his intent to sell or distribute cocaine. A review of the record does not support Vaxter’s contention.

Laiv

¶ 16. To prove possession with an intent to distribute or sell, the evidence may not be based solely upon surmise or suspicion. Stringfield v. State, 588 So.2d 438, 440 (Miss.1991). “There must be evi-dentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond reasonable doubt that the defendant did in fact intend to distribute or sell the cocaine, not that he might have such intent.” Id.
¶ 17. “[T]he Court will consider both the quantity and the nature of the controlled substance. Also considered is incriminating evidence indicating some involvement in the drug trade. The evidence sufficient to infer intent to sell must be evaluated in each case.” Jones v. State, 685 So.2d 884, 888 (Miss.1994).

Analysis

¶ 18. The State presented the following evidence to prove Bryant’s intent to distribute cocaine:
(1) A confidential informant testified that he purchased three rocks of cocaine from Vaxter immediately prior to Vax-ter’s arrest and the seizure of two bags of cocaine and two weapons from the trailer.
(2) Officer Rader testified that after he entered the trailer, he retrieved over a thousand dollars from Vaxter’s pockets.
(3) Two firearms, which could be considered in potential drug distribution activities, were seized from the trailer.
(4) Officer Wilson of the Jackson County Sheriffs Department testified regarding the value of the rock cocaine found in one of the bags confiscated from a pipe beneath the trailer. He stated that the bag appeared to contain eight fifty dollar rocks, ten twenty dollar rocks, and two ten dollar rocks.
¶ 19. In light of these facts, this Court finds that the State established sufficient evidence from which a jury might conclude Vaxter intended to distribute cocaine. Breckenridge v. State, 472 So.2d 373, 378 (Miss.1985). .
III. THE INCONSISTENT VERDICTS OF THE JURY IN THIS CASE DEMONSTRATE CONFUSION AND THE GUILTY VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE ADDUCED AT TRIAL AND CONTRARY TO THE ESTABLISHED LAW IN THIS STATE AND SHOULD BE REVERSED.
¶ 20. In his last assignment of error, Vaxter contends that (1) the verdicts conflicted and (2) the guilty verdict is against the overwhelming weight of the evidence.

Conflict of Verdicts

¶ 21. The jury verdicts did not contradict one another as asserted by Vaxter. The jury found Vaxter guilty of possession of cocaine with the intent to transfer. He was acquitted of the actual transfer of cocaine. A defendant can commit the crime of possession with intent to transfer without having actually transferred any cocaine. The act of transfer constitutes a separate crime. We find no merit to Vaxter’s argument.

Overwhelming Weight of the Evidence

¶ 22. “In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to *850 grant a new trial.” Isaac v. State, 645 So.2d 903, 907 (Miss.1994).
¶ 23. Accepting as true the previous evidence which supports the verdict, this Court does not find that the trial judge erred in failing to grant a new trial.
¶ 24. Finding no error in the instant case, we affirm the circuit court judgment.
¶ 25. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.