McMILLIN, C.J.,
for the Court:
¶ 1. Alonzo Hughes has appealed his conviction of murder in the Circuit Court of Lowndes County arising out of the stabbing death of Carl Dean Phifer. Hughes purports to raise two issues on appeal. In fact, we conclude that his first issue actually consists of two related, but clearly separate issues: (a) an attack on the sufficiency of the evidence and (b) a claim that the guilty verdict was against the weight of the evidence. Hughes’s second issue raised in his brief is simply a second attack on the sufficiency of the evidence from a different procedural standpoint. Finding that the evidence was sufficient to support a conviction of murder and further concluding that the verdict was not contrary to the weight of the evidence, we affirm Hughes’s conviction.
¶ 2. Evidence presented by the State from multiple witnesses indicated that Hughes, together with at least one associate, lured Phifer into an isolated area where, without provocation, Hughes repeatedly stabbed Phifer in the head and neck while an associate helped to physically restrain Phifer. The body was subsequently thrown into a ditch, his shirt was taken off his body, possibly to be used to clean the murder weapon, the shirt was then secreted in an abandoned roll of tar paper and thrown into a lake. The shirt was subsequently recovered by investigating officers and offered into evidence at trial. The State’s evidence suggested that robbery may have been the motive for the crime since there was evidence that, on the day of his death, Phifer had been carrying a wallet containing over two hundred dollars and the wallet was missing when Phi-fer’s body was discovered by authorities. Hughes, as the sole witness for the defense, admitted to the stabbing, but claimed that he was merely defending himself from an attack by Phifer. He testified that, in fact, Phifer had brought the knife to the scene only to lose it to Hughes in the struggle that followed Phifer’s attack. Hughes explained that he came into possession of Phifer’s shirt when it slipped off of Phifer’s body into his hands during the course of their struggle. The jury returned a verdict finding Hughes guilty of murder.
¶ 3. The crime of murder involves the intentional killing of another person by deliberate design. Miss.Code Ann. § 97 — 3—19(l)(a) (Supp.1998). In this case, the State presented proof through eyewitnesses to Phifer’s death that he was purposely set upon by Hughes and another person, repeatedly stabbed in the head and neck until he was dead, and that his body was then thrown into a ditch by his assailants and abandoned. Scientific evidence was presented to establish that Hughes’s death was attributable to the trauma associated with those multiple stab wounds. No witness for the State was substantially impeached to the extent that the witness’s evidence was rendered incredible or unworthy of belief. The only evidence contradicting the State’s witnesses’ versions was Hughes’s own testimony giving a different slant on the events. Our review of Hughes’s testimony fails to convince us that it was so inherently believable that a reasonable juror could only have accepted it as true. When reviewing an attack on the sufficiency of the evidence, we are constrained to view the evidence in the light most favorable to upholding the verdict. Dudley v. State, 719 So.2d 180 (¶ 7) (Miss.1998). Only if, based on our review *1267 in that light, we are convinced that the proof of some essential element of the crime was so deficient that a reasonable and fair-minded juror could only find the defendant not guilty may this Court intercede. Fisher v. State, 481 So.2d 203, 212 (Miss.1985). We are satisfied that the State’s evidence, when viewed by the proper standard, was sufficient to sustain a conviction of murder.
¶ 4. Hughes’s alternate allegation that the verdict was against the weight of the evidence raises similar, but not identical concerns. We are again obligated to review all the evidence in the light most favorable to the verdict. Bridges v. State, 716 So.2d 614 (¶ 5) (Miss.1998). Our precise procedural role is to determine whether we believe that the trial court erred in denying Hughes’s post-verdict new trial motion, which would be appropriate only if the court were convinced that a manifest injustice had occurred as a result of the jury’s decision to convict. Hiter v. State, 660 So.2d 961, 964 (Miss.1995). When the trial court denies the motion, we are obligated to affirm unless we are convinced that the trial court’s ruling was plainly erroneous. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). In this case, the jury was confronted with unequivocal evidence that Phifer came to a violent end as the result of multiple stab wounds. There was no dispute that Hughes actually inflicted the wounds. The principle disputed issue of fact to be resolved by the jury was whether it would believe those witnesses that testified that the attack on Phifer was planned or whether it would believe Hughes’s claim that he merely defended himself from a knife attack directed against him by Phifer, in the process of which Phifer was killed. The resolution of disputed facts such as this is a duty that devolves upon the jury sitting as finders of fact. Hiter, 660 So.2d at 964. They are charged with listening to the witnesses, observing their demeanor, and coming to their own conclusions of which evidence they find more credible. Id. Our system of jurisprudence has determined that citizen jurors, employing their native intelligence and collective life experiences, are best qualified to make those judgments. Absent some clear indication that the jurors in a particular case somehow ignored that duty, neither the trial court, nor this Court reviewing the record on appeal, are permitted to interfere in the conclusions reached by these jurors. We find nothing in this case that would suggest that this is one of those cases where judicial intervention in the conclusions reached by the jury is warranted.
¶ 5. Hughes’s second issue is that the trial court erred in not granting a requested instruction directing the jury to return a not-guilty verdict. This is nothing more than a renewed attack on the sufficiency of the State’s evidence of guilt. Cook v. State, 467 So.2d 203, 208 (Miss.1985). We have already decided that question against Hughes and we decline to consider the matter further.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P. JJ., BRIDGES, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
MOORE AND THOMAS, JJ., NOT PARTICIPATING.