¶ 1. John Deloach was convicted by a Lowndes County grand jury as a habitual offender of possession of a firearm by a convicted felon; he was sentenced to serve a term of three years in the Mississippi Department of Corrections. Aggrieved by the verdict and the denial of his post-trial motion for a JNOV, or in the alternative, for a new trial, Deloach seeks appellate review, arguing that the verdict is against the overwhelming weight and sufficiency of the evidence.
 FACTS ¶ 2. On November 6, 1998, Deloach was stopped by Officer Geoffrey Zuercher in Columbus, Mississippi for driving on the wrong side of the street. Officer Zuercher testified that he was nervous because it took Deloach a while to pull over and that when Deloach got out of the car he had a metal object in his hand. Immediately after getting out of the car, Deloach lunged back into the car. Officer Zuercher testified that when Deloach lunged toward the car, Officer Zuercher pulled his firearm on him. Officer Zuercher performed a Breathalyzer test and checked Deloach for valid identification. During the stop, the officer riding with Zuercher shined a light into Deloach's car and discovered a gun lying between the seats. Deloach informed Officer Zuercher that Deloach was a convicted felon. After Zuercher called in Deloach's driver's license, Deloach was arrested and charged with possession of a firearm after conviction of a felony.
 ¶ 3. Teresa Patmon was in the car with Deloach when he was stopped by Officer Zuercher. Patmon testified that she flagged Deloach down outside of a club known as The Spoon. Deloach pulled over to the left side of the club and picked her up. Patmon testified that she had been in The Spoon when a fight ensued. Patmon said that she saw a gun on the floor, picked it up and left. According to Patmon, she, without Deloach's knowledge, put the gun between the seat and that Deloach never knew she had the gun. However, Officer Zuercher testified that when he asked Patmon at the scene about the gun, she said the gun belonged to Deloach.
 ¶ 4. Dianco Jones, Deloach's stepdaughter, testified that while living with Deloach and her mom in August of 1997, she saw Deloach with a gun. Another stepdaughter, Kianca Dupree, also testified that she saw Deloach with a gun when she lived with Deloach and her mother. *Page 456 
 ¶ 5. The State introduced a certified copy of three separate orders showing that Deloach had been previously convicted and sentenced to four years each in the Mississippi Department of Corrections for three separate felonies committed at separate times.
 ANALYSIS AND DISCUSSION OF THE ISSUE Weight and Sufficiency of the Evidence ¶ 6. The standard of review of a claim that the evidence is insufficient to support the verdict requires the reviewing court to accept all evidence tending to support the verdict, including the inferences derived therefrom, as true. Bridges v. State, 716 So.2d 614
(¶ 6) (Miss. 1998). All evidence favoring the defendant must be disregarded. Id. "We may reverse only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty." Harveston v. State, 493 So.2d 365, 370 (Miss. 1986). A claim that the trial court erred in not granting a new trial because the verdict is against the weight of the evidence is reviewed under an abuse of discretion standard. Malone v. State, 486 So.2d 360, 366 (Miss. 1986). This Court will only reverse when the lower court has abused its discretion. Strong v. State, 600 So.2d 199, 204 (Miss. 1992). "A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice.'" Crawford v. State, 754 So.2d 1211,1222 (¶ 30) (Miss. 2000).
 ¶ 7. Deloach argues that he did not have a gun when he got out of his car nor did he ever reach or cause his body to go back into the car. Deloach contends that Officer Zuercher's testimony does not add up. He questions Zuercher's credibility by posing a question: if Zuercher thought he saw a gun in Deloach's hand, why would he allow Deloach to go back into the car? Deloach also finds comfort in Patmon's testimony that when Deloach exited the car, he had nothing in his hands.
 ¶ 8. The State argues that enough proof was put on for a jury to decide that Deloach was guilty of the charge of possession of a firearm by a convicted felon. The State argues that all the elements of the offense were proven.
 ¶ 9. It is well-settled law in this jurisprudence that matters regarding the weight and credibility accorded the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss. 1984). In this case, the jury chose to believe Officer Zuercher. It was entitled to do so. See Noe v. State, 616 So.2d 298, 302 (Miss. 1993), holding that the testimony of a single witness is sufficient to take a case to the jury. Based on Zuercher's testimony alone, we cannot say that reasonable and fairminded jurors could only find Deloach not guilty of possession of the pistol after being previously convicted of three separate felonies, nor can we say that allowing the verdict to stand would sanction an unconscionable injustice. Therefore, we find that the trial court did not err in overruling Deloach's post-trial motions for a JNOV, or in the alternative, for a new trial.
 ¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OFCONVICTION OF POSSESSON OF A FIREARM BY A FELON AND SENTENCE AS ANHABITUAL OFFENDER TO THREE YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS *Page 457 APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.