851 So.2d 391 (2003)
Mark Anthony BOOSE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01907-COA.
Court of Appeals of Mississippi.
April 29, 2003.
Rehearing Denied July 29, 2003.
*392 Lisa D. Collums, Gulfport, attorney for appellant.
W. Glenn Watts, Jackson, attorney for appellee.
IRVING, J., for the court.
¶ 1. Mark Anthony Boose was tried and convicted of the transfer of an illegal substance. He was sentenced to an enhanced period of twenty-five years in the custody of the Mississippi Department of Corrections as a habitual offender. Feeling aggrieved, Boose appeals and raises the following issues: (1) whether the trial court was in error when it denied his motion to suppress the testimony of Harold Crossgrove, (2) whether the trial court erred in not granting his motion for a new trial, and (3) whether the evidence was insufficient to support the verdict.
¶ 2. Ascertaining no error, we affirm.

FACTS
¶ 3. On July 26, 2000, Officer Walter Griffen, a policeman with the Coastal Narcotics Enforcement Task Force, was engaged in undercover narcotics operations on the streets of Gulfport. Griffen's automobile had a concealed surveillance camera to obtain evidence of illegal drug sales.
¶ 4. While looking around the city's neighborhoods for drug dealers, Griffen met a female. When he inquired of her as to where he could buy drugs, she got into his vehicle and directed him to the corner of Virginia and Harrison Streets, a place where he could make a purchase. When they pulled up, an individual came to the vehicle, and Griffen spoke with him about buying some "hard" (crack cocaine). After speaking to Griffen, the man left, walked around a trailer, and returned to the officer's vehicle. Griffen gave the man $25 for the crack cocaine. Griffen then left the area, dropped the unidentified female off, drove to the pre-arranged post-buy location, and turned the crack cocaine over to Officer Michael Burt who had been monitoring the transaction from a short distance away.
¶ 5. On May 1, 2001, a grand jury of the First Judicial District Circuit Court of Harrison County returned a one-count indictment against Boose, charging him with the transfer of a controlled substance. Boose was also indicted as a habitual offender.
¶ 6. On August 15, 2001, Boose was transported to the district attorney's office in order to view a videotape recording of the alleged sale. Also present during this viewing were Officer Harold Crossgrove, Assistant District Attorney Larry Bourgeois, *393 and Shane Whitfield, an associate of Boose's counsel, Jim Davis. In the conference room, Boose and his counsel sat across from Officer Crossgrove and Bourgeois, with each party facing the television. While watching footage from Officer Griffen's undercover sale, Boose blurted, "See, it wasn't me that gave him the dope, she took it out of my hand and handed it to him. She is Macie, my cousin."
¶ 7. On September 19-20, 2001, the circuit court held a two-day trial where Boose was tried for the sale of cocaine. Prior to trial, a suppression hearing was held. Boose attempted to suppress Crossgrove's testimony regarding the statement Boose made while reviewing the videotape of the transaction. Boose argued that this statement, as well as any testimony from Crossgrove in regard to it, should have been suppressed because of the lawyerclient privilege or the plea negotiation privilege. The lower court denied Boose's motion and allowed Crossgrove's testimony. Thereafter Boose was found guilty of the sale of the cocaine and sentenced to twenty-five years, without parole as a habitual offender, in the custody of the Mississippi Department of Corrections. This appeal emanates from that conviction and sentence.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Denial of Defendant's Motion to Suppress Testimony of Harold Crossgrove
¶ 8. Boose's first issue is whether the trial court erred when it denied his motion to suppress the testimony of Harold Crossgrove about the incriminating statement that Boose made at the district attorney's office.
¶ 9. The standard of review for evidentiary matters has been stated by our supreme court as follows:
The relevancy and admissibility of evidence are left, in large part, to the discretion of the trial court. However, this discretion must be exercised within the confines of the Mississippi Rules of Evidence. Reversal is proper only where such discretion has been abused and a substantial right of a party has been affected.
Mitchell v. State, 792 So.2d 192, 217(¶ 95) (Miss.2001) (citing Johnston v. State, 567 So.2d 237, 238 (Miss.1990)).
¶ 10. Boose urges this Court to find that the presence of Officer Crossgrove and Larry Bourgeois was necessary in order for him to view the videotape with his attorney. He explains that the arranged meeting to view the videotape was done to further his counsel's ability to render professional legal services to him. Therefore, due to the necessity of Crossgrove's and Bourgeois' presence at this viewing, Boose argues that any statements made by him are protected by the attorney-client privilege found in Rule 502 of the Mississippi Rules of Evidence.
¶ 11. We commend Boose's counsel for a unique and novel argument. However, it is one that is utterly without merit. The trial judge did not err in allowing the clearly spontaneous, unprovoked, and unsolicited comment from Boose.

2. Denial of Directed Verdict, JNOV, and New Trial
¶ 12. The next issues that Boose raises concern the sufficiency of the evidence and the denial of his motions for a directed verdict, JNOV and new trial. Although a challenge to the sufficiency of the evidence and to the denial of a new trial implicates different standards of review, we address these issues together because of the way they were presented in Boose's brief.
*394 ¶ 13. As distinguished from a motion for directed verdict or a JNOV, a motion for a new trial asks to vacate the judgment on grounds related to the weight, not sufficiency, of the evidence. Smith v. State, 802 So.2d 82, 85-86(¶ 11) (Miss.2001). Challenges to a denial of a motion for a directed verdict and to a denial of a motion for a JNOV are reviewed under the same standard. We first review the appropriateness of the denial of Boose's motion for a directed verdict and for a JNOV.
¶ 14. The standard of review of a claim that the evidence is insufficient to support the verdict requires the reviewing court to accept all evidence tending to support the verdict, including the inferences derived therefrom, as true. Deloach v. State, 811 So.2d 454, 456(¶ 6) (Miss.Ct. App.2001). All evidence favoring the defendant must be disregarded. Id. "We may reverse only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty." Id. (citing Harveston v. State, 493 So.2d 365, 370 (Miss. 1986)).
¶ 15. Boose argues that the State presented no credible evidence from which a reasonable and fair-minded juror could find beyond a reasonable doubt that he committed the transfer of the cocaine. He asserts that Officers Griffen and Burt could not have made an adequate identification of the person in the videotape because of the brevity of the sale transaction. Boose also challenges Officer Griffen's incourt identification because Griffen's report failed to indicate any markings on the person from whom the purchase was made. Boose has a dollar sign on his right cheek. Boose further explains that Officer Griffen indicated in Griffen's initial report that the suspect had a chipped or missing tooth while Boose does not. In Boose's view, these facts compel the conclusion that the trial court abused its discretion when it failed to grant his motion for a directed verdict/JNOV.
¶ 16. Boose discusses some of the evidence, but that evidence is by no means the only evidence offered. Quite to the contrary, substantial credible evidence was offered by the State. This evidence not only supports the verdict but, when viewed by fair-minded persons, commands the verdict.
¶ 17. The State presented the testimony of Officer Griffen, the officer directly involved in the purchase, Officer Michael Burt, the case agent who monitored the purchase, the video of the alleged transfer, and the testimony of Deputy Crossgrove. Officer Griffen gave detailed testimony about the transaction. He testified that he gave the dealer $25 and received what appeared to be cocaine. Agent Burt corroborated Griffen's testimony as to the time, place, and manner in which the cocaine sale took place. He also verified that the cocaine, which was marked as an exhibit by the lower court, was the same received by Griffen. Timothy Gross, with the Mississippi Crime Laboratory, testified that the substance that was sold to Officer Griffen contained crack cocaine. The videotape of the transaction was played for the jurors to observe. Griffen testified that the videotape was an accurate depiction, without alteration, of the drug transaction. Griffen also identified a cash symbol on the cheek of the suspect shown in the videotape. Finally, Crossgrove testified that while observing the videotape at the district attorney's office, Boose exclaimed, "See, it wasn't me that gave him the dope, she took it out of my hand and handed it to him. She is Macie, my cousin."
¶ 18. Moreover, at trial, Officer Griffen made an identification of Boose as the *395 dealer from whom he had obtained the cocaine:
Q: Okay. And just to be certain, could you please point out the man who you bought cocaine from on July 26 of 2000?
A: That man sitting there at the [defense] table.
This assignment of error is baseless.
¶ 19. Boose's final argument is that the verdict is against the overwhelming weight of the evidence; therefore, the trial court should have granted him a new trial.
¶ 20. Our standard of review for claims that a conviction is against the overwhelming weight of the evidence or that the trial court erred in not granting a motion for a new trial has been stated as follows:
[This Court] must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction unconscionable injustice.
Todd v. State, 806 So.2d 1086, 1090(¶ 11) (Miss.2001).
¶ 21. Considering the evidence previously described in this opinion, we are not persuaded that the verdict is so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. Consequently, we affirm the trial judge's denial of Boose's motion for a new trial.
¶ 22. THE JUDGEMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF THE TRANSFER OF A CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER WITHOUT HOPE OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.