979 So.2d 12 (2008)
Willie McGREGORY a/k/a Willie McGregory, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01698-COA.
Court of Appeals of Mississippi.
April 8, 2008.
*15 Michael E. Robinson, attorney for appellant.
Office of the Attorney General by Laura H. Tedder, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. On June 23, 2006, Willie McGregory, Jr. was found guilty by a jury of three counts of simple assault and one count of aggravated assault, all on police officers. He was later sentenced to five years' imprisonment on each of the simple assault counts and thirty years' imprisonment on the aggravated assault count, all of the convictions were to run consecutively. Aggrieved, he appeals and alleges five errors. We find no error and affirm.

*16 FACTS
¶ 2. According to McGregory, on May 18, 2005, he had recently returned from a gun show in the Jackson area when he was pulled over at the intersection of Forest Hill Road and Cooper Road for speeding by Officer Billy Sanders of the Jackson Police Department. After making the traffic stop, Officer Sanders requested McGregory's driver's license. Officer Sanders returned to his patrol car and began to write citations for an expired tag, speeding, and no insurance. Consistent with procedure, Officer Sanders requested information from dispatch as to any outstanding warrants on McGregory's license. The search revealed that McGregory had two outstanding warrants. After writing the citations, Officer Sanders returned to McGregory's car. Officer Sanders informed McGregory of the outstanding warrants and placed him under arrest. Officer Sanders testified that he extended to McGregory the courtesy of calling someone to retrieve his car. Initially, McGregory was cooperative with Officer Sanders. McGregory appeared to be talking on his cell phone, but shortly thereafter, he attempted to drive away. As Officer Sanders returned to his vehicle, McGregory drove his car west on Forest Hill Road toward Officer Sanders's vehicle, almost hitting Officer Sanders. As McGregory was accelerating past, Officer Sanders drew his weapon and fired a single shot at McGregory's vehicle. Officer Sanders notified dispatch of the events and advised them of the direction in which McGregory was traveling. He attempted to pursue, but he was not able to apprehend McGregory.
¶ 3. Later, Officer Willie Allen observed a car that fit the description of McGregory's vehicle parked in the driveway of 303 Culbertson Avenue. Officer Allen notified dispatch of the car and began an observation of the vehicle. Shortly thereafter, Officer Allen observed a man, later identified as McGregory, get into the car and proceed north on Culbertson toward Jayne Avenue. McGregory testified that he went home to the mace from his face and to get his semiautomatic assault rifle and duffle bag, which included drum magazines and five clips.
¶ 4. After informing dispatch, Officer Allen was instructed to pull McGregory over for attempting to run over a police officer. Officer Allen followed McGregory, who stopped in the middle of the street, exited the vehicle, and pointed an assault rifle in Officer Allen's direction. Lying down on the front seat, Officer Allen put his vehicle in reverse and sped backward to avoid the possibility of being shot.
¶ 5. Shortly thereafter, an additional police unit appeared, and McGregory drove his vehicle to the corner of Culbertson Avenue and O'Ferrell Avenue while Officer Allen and the additional police unit followed in pursuit. By then McGregory, who had made it to a used tire shop at the corner of O'Ferrell Avenue and West Capitol Street, had gone into the building carrying the assault rifle and a brown canvas bag. After Officer Allen advised dispatch as to what was happening, he requested assistance from additional units, his supervisor, and the SWAT team. Officer Allen also requested that a perimeter be established to section off that portion of the city. There was an exchange of fire between McGregory and officers of the Jackson Police Department, including Officers Lee Robinson, Walton McJordan, and Charles Banks. The gun battle ceased when McGregory was struck by a bullet and injured.
¶ 6. McGregory was indicted by a Hinds County grand jury on five counts of attempted aggravated assault with a weapon. On June 22, 2006, McGregory was found guilty of simple assault on Counts II, III, and IV and guilty of aggravated assault on *17 Count V. McGregory was sentenced to serve five years on Counts II, III, and IV and thirty years on Count V, all to run consecutively. A mistrial was declared in Count I, and it was later nolle prossed.

ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY OF IESHA JOHNSON AND LUCY MCGREGORY.
¶ 7. Review of discovery violations are evaluated using the abuse of discretion standard. Lindsey v. State, 965 So.2d 712, 718(¶ 19) (Miss.Ct.App.2007). Upon weighing all relevant factors in the case, unless there is clear error in judgment as to the sanctions imposed for violation of the discovery rule, this Court will affirm the imposed sanction. Id. (quoting Porter v. State, 869 So.2d 414, 419(¶ 18) (Miss.Ct.App.2004)).
¶ 8. Pursuant to Uniform Rule of Circuit and County Court Practice 9.04(E) both the State and the defense have a duty to timely supplement discovery. If a party discovers additional material or information that is subject to disclosure, then that party must promptly notify the other party or the other party's counsel as to the existence of the additional material or information. However, according to Uniform Rule of Circuit and County Court Practice 9.04(I), if either party attempts to introduce evidence at trial that has not been timely disclosed and the defense objects to the introduction for that reason, the court shall (1) grant the offended party a reasonable opportunity to interview the newly discovered witness or examine the newly produced material or (2) if after having done so, the party claims unfair surprise or undue prejudice and seeks a continuance, then the court shall exclude the evidence or grant a continuance. However, when faced with the decision of whether to exclude witness testimony, the trial court is not allowed to disregard the "fundamental character of the defendant's right to offer the testimony of witnesses in his favor." Coleman v. State, 749 So.2d 1003, 1009-1010 (¶¶ 16-17) (Miss.1999). Nevertheless, the trial court is allowed to exclude defense evidence where discovery violations are "willful or motivated by the desire to gain a tactical advantage." Id. at 1007(¶ 9).
¶ 9. Prior to the convening of trial proceedings, the court heard motions in limine brought by the State to exclude the testimony of Iesha Johnson (Johnson) and Lucy McGregory (Lucy) as a discovery violation. McGregory argues that the trial court should have granted a continuance pursuant to the guidelines set forth in Box v. State, 437 So.2d 19, 23-24 (Miss.1983) (Robertson, J., specially concurring). McGregory asserts that the trial court erred by not asking or requesting that the witnesses be made available to the State to be interviewed before granting the State's motion in limine, even though the witnesses were at the courthouse the day of trial prepared to testify. McGregory contends that the trial court's decision to exclude the testimony of these potential defense witnesses "effectively shut down" his self-defense claim.
¶ 10. McGregory alleges that his defense counsel decided a week prior to trial that the testimony of Johnson would be vital to his self-defense claim. Further, he alleges that not until twenty-four hours prior to trial was he aware that his defense counsel would call Lucy to testify. Lucy and Johnson are McGregory's mother and girlfriend, respectively. Although these potential witnesses have a close relationship with McGregory, he asserts that this was not a tactical trial strategy to notify the State this late in the proceedings that these individuals would be testifying. He alleges that the decisions to call Lucy and *18 Johnson were made after researching prior acts or encounters between himself and the Jackson Police Department. Moreover, he asserts that the delay in notification of these individuals as potential witnesses occurred because he realized during trial preparation how relevant and pertinent their testimonies would be to his self-defense theory.
¶ 11. While McGregory argues that exclusion of the testimony of Lucy and Johnson limited his self-defense argument, he was still able to put forth his own testimony in support of his self-defense claim. The trial court has the discretion to either give the offended party an opportunity to evaluate the discoverable material, grant a continuance, exclude the evidence, or grant a mistrial. URCCC 9.04(I). The weight of the sanction should be based on the motivation of the offending party in violating the discovery rule. Coleman, 749 So.2d at 1009(¶ 15). Here, the trial court believed this discovery violation was an attempt to gain a tactical advantage. Therefore, we find that the trial court did not abuse its discretion in excluding the testimony.
II. WHETHER THE TRIAL COURT ERRED IN SUBMITTING A LESSER-INCLUDED OFFENSE JURY INSTRUCTION.
¶ 12. McGregory alleges that the trial court erred when it sua sponte submitted a lesser-included offense instruction of simple assault. The trial court is granted considerable discretion as to the substance and form of jury instructions, and it may "initiate and give appropriate written instructions." Blake v. Clein, 903 So.2d 710, 729(¶ 52) (Miss.2005) (quoting Newell v. State, 308 So.2d 71, 78 (Miss. 1975)). The trial judge may instruct the jury of applicable principles of law at the request of a party or on the trial court's own motion. Newell, 308 So.2d at 78. However, the trial court has no affirmative duty to offer jury instructions sua sponte or to suggest instructions for the parties to consider. Giles v. State, 650 So.2d 846, 854 (Miss.1995).
¶ 13. McGregory argues that had the simple assault instruction not been given sua sponte by the trial judge, he would not have been found guilty on Counts II, III, and IV of the indictment. Both the defense and the prosecution submitted jury instructions, and neither set of these instructions contained a lesser-included offense instruction. At the close of the defendant's case-in-chief, the trial court stated that "all instructions submitted by both parties were either incomplete statements of the law, inaccurate or repetitious. So . . . I am preliminarily refusing all instructions submitted by both sides and going to give these thirteen court instructions."
¶ 14. The trial judge prepared jury instructions that were subsequently given to the jury; however, the instructions that were given contained a lesser-included offense instruction of simple assault on each count against McGregory. Prior to giving the instructions to the jury, the trial court recessed for twenty minutes allowing the attorneys to review the instructions. When the trial court reconvened, the trial judge asked State and defense counsel if they wished to be heard concerning any of the preliminary rulings on any of the instructions. Neither party made any objections or arguments to the jury instructions. In Harris, the supreme court held that in order "[t]o preserve a jury instruction issue on appeal, the defendant must make a specific objection to the proposed instruction to allow the trial court to consider the issue." Harris v. State, 861 So.2d 1003, 1013(¶ 18) (Miss.2003) (citing Crawford v. State, 787 So.2d 1236, 1244-45(¶ 35) (Miss.2001)).
¶ 15. Although the trial court has no affirmative duty to instruct the jury sua *19 sponte, defense counsel failed to raise an objection as to the lesser-included offense instruction. Therefore, McGregory is procedurally barred from raising this issue on appeal.
III. WHETHER THE TRIAL COURT DENIED MCGREGORY HIS CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL JURY.
¶ 16. McGregory asserts that he was denied his right to a fair trial before an impartial jury. In his allegation of error, he discusses three specific jurors that were actually seated on the jury, Connie Gordin, Regina Thigpen, and Miriam Ramsay.
¶ 17. The proper standard for excluding a venire member from the jury is to determine whether the "juror's views would `prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath.'" Davis v. State, 660 So.2d 1228, 1244 (Miss.1995) (quoting Balfour v. State, 598 So.2d 731, 755 (Miss.1992)). This standard does not require that a potential juror's bias be proven with "unmistakable clarity." Id. Because of the trial judge's ability to see and hear the potential juror's responses during voir dire, he is in a much better position to determine whether or not the potential juror should be struck for cause. Taylor v. State, 672 So.2d 1246, 1264 (Miss.1996). Thus, the "determination of whether a juror is fair and impartial is a judicial question." Id. Unless the decision to seat a particular jury is clearly wrong, then this Court will not disturb that decision. Id. Further, we must keep "in mind that jurors take their oaths seriously, and this promise [of fairness and impartiality] is entitled to considerable deference." McDonald v. State, 921 So.2d 353, 357(¶ 15) (Miss.Ct.App.2005).
¶ 18. Prior to addressing the merits of this claim, this Court notes that during voir dire, McGregory failed to challenge Gordin or Thigpen either for cause or peremptorily. This Court has stated that when the defendant fails to timely challenge the juror, either for cause or peremptorily, he waives this point. Burson v. State, 756 So.2d 830, 835(¶ 18) (Miss.Ct. App.2000). Nevertheless, the Court notes that both Gordin and Thigpen stated that they would follow the law, fairly consider the evidence, and would not prejudge the issues.
¶ 19. The one juror that McGregory did challenge for cause was Ramsay. McGregory asserts that her bias was discovered when she agreed with another juror's statement that one should not take up arms against law enforcement unless there was an attempt to overthrow the government. However, at this point, the trial court instructed the jury pool that "what the [trial court] needs to know is are there any of you that under no fact or circumstance, no matter what the evidence is, no matter what the law is, you are not going to ever believe or find somebody did not act in necessary self-defense." After further questioning by defense counsel, Ramsay stated that "I will respect and follow the law." Further, she stated that law enforcement was not always right.
¶ 20. While Ramsay voiced her thoughts about self-defense against law enforcement, she stated under oath that she would be able to follow the law. Therefore, it was not an abuse of discretion for the trial court to deny McGregory's challenge for cause as to Ramsay. This allegation of error is without merit.
IV. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT (JNOV) OR FOR A NEW TRIAL.
¶ 21. In McGregory's fourth allegation of error, he asserts that the evidence was insufficient to support the verdict and the verdict was against the overwhelming *20 weight of the evidence. He raises these issues specifically to his simple assault convictions involving Officers McJordan and Banks. Once again, McGregory again challenges the composition of the jury and the exclusion of his witnesses in this allegation of error. Since those issues have been previously addressed, we focus our review upon the sufficiency and weight of the evidence. Since these two issues require slightly different analyses, we will address each one separately.
A. Whether the evidence was sufficient to support the convictions of simple assault.
¶ 22. A motion for JNOV challenges the legal sufficiency of the evidence. Boose v. State, 851 So.2d 391, 394 (¶¶ 13-14) (Miss.Ct.App.2003). Upon a review of the sufficiency of the evidence, we accept as true all evidence in support of the verdict, as well as any inferences that may be drawn from that evidence. Deloach v. State, 811 So.2d 454, 456(¶ 6) (Miss.Ct.App.2001). After a review of that evidence, "[w]e may reverse only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id. (quoting Harveston v. State, 493 So.2d 365, 370 (Miss.1986)).
¶ 23. We narrow our focus to the two convictions of simple assault that McGregory discusses in his brief. Each of these incidents occurred after McGregory had reached the tire shop. Considering the evidence in the light most favorable to the State, we find that there was sufficient evidence to convict McGregory of the two counts of simple assault on a law enforcement officer. Testimony was provided that Officers McJordan and Banks were acting within the scope of their employment when they responded to the tire shop and set up a perimeter around the building. McGregory argues that no evidence was presented that any bullets fired from McGregory's gun were fired in the direction of Officers Banks and McJordan. However, McGregory acknowledges that the officers testified that he shot at them. Additionally, Investigator Andrew McGahey collected seventeen 7.62 x 39 millimeter spent cartridges from the crime scene. These were the same type of cartridges that McGregory had outside of the tire shop.
¶ 24. Mississippi Code Annotated section 97-3-7(1) (Supp.2007) provides, in part, that:
A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm. . . .
Clearly, the evidence presented by the State, namely from the testimony of the officers involved that McGregory had pointed the assault rifle at them, was sufficient to show that McGregory "attempted by physical menace to put the officers in fear of imminent serious bodily harm." Therefore, this allegation of error is without merit.
B. Whether the verdict was against the overwhelming weight of the evidence.
¶ 25. McGregory alleges the trial court erred when it denied his motion for a new trial. Upon review for the denial of a motion for new trial based on the weight of the evidence, "we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an *21 unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence should be weighed in the light most favorable to the verdict. Id.
¶ 26. In addition to the evidence discussed above, McGregory asserts that although he fired numerous shots while at the tire shop, he only fired his weapon in self-defense and to provide a means of escaping in his father's truck, which was parked out in front of the shop. From the testimony presented by the officers and McGregory, in addition to the spent casings found at the scene of the incident, we cannot say that the evidence is so contrary to the overwhelming weight of the evidence that it creates an unconscionable injustice.
V. WHETHER MCGREGORY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 27. McGregory's final allegation or error is that he was denied effective assistance of counsel. He alleges that his counsel's performance was deficient on three different instances during the trial. First, he contends that his counsel's failure to disclose the names of Lucy and Johnson constituted ineffective assistance of counsel. Second, he contends that his counsel was ineffective when he failed to object to the inclusion of a lesser-included-offense jury instruction. Finally, he contends that his counsel was ineffective for failure to have Juror Thigpen struck from the jury pool.
¶ 28. The supreme court established the procedure for addressing claims of ineffective assistance of counsel on direct appeal in Read v. State, 430 So.2d 832, 841 (Miss.1983). This Court reiterated this procedure in Colenburg v. State, 735 So.2d 1099, 1102(¶ 5) (Miss.Ct. App.1999). In order for the appellate court to review a claim of ineffective assistance of counsel on direct appeal, the record must affirmatively show that the defendant has been denied effective assistance of counsel. If the record does not affirmatively demonstrate that the defendant has been denied effective assistance of counsel, this Court should proceed to decide the case on other issues. Read, 430 So.2d at 841. If the case is reversed on other grounds, the ineffective assistance claim is moot. Id. If the case should be otherwise affirmed, we do so without prejudice to the defendant's rights to raise the ineffective assistance of counsel claim via post-conviction proceedings. Id.
¶ 29. We will review McGregory's claims of ineffective assistance of counsel by looking within "the four corners of the trial record." Colenburg, 735 So.2d at 1102(¶ 8). If we are able to determine solely from the four corners of the record that McGregory's counsel was ineffective, then it should have been apparent to the trial court, which should have declared a mistrial, sua sponte. Id.
¶ 30. First, McGregory argues that his counsel's performance was inefficient for failure to timely disclose the names of key witnesses. He contends that without the testimony of Lucy and Johnson, his self-defense theory was weakened. "When evaluating the overall performance of counsel, counsel must make strategic discretionary decisions including whether or not to file certain motions, call certain witnesses, ask certain questions or make certain objections." Jones v. State, 962 So.2d 1263, 1274(¶ 42) (Miss.2007) (quoting Havard v. State, 928 So.2d 771, 790(¶ 31) (Miss.2006)). These decisions or trial strategies do not necessarily constitute ineffective performance by counsel simply because the outcome of the trial was not to the defendant's liking. Id. McGregory's counsel admitted during the pretrial conference that the late disclosure of these witnesses was due to the fact that defense *22 counsel was unsure if they were going to call them as witnesses, specifically a decision as to trial strategy. There is nothing in the record that would suggest that the late disclosure amounted to constitutionally deficient performance.
¶ 31. Second, McGregory contends that defense counsel's failure to object to the trial court's lesser-included jury instruction resulted in a substantially different outcome. Normally, trial counsel's decision regarding jury instructions falls under the category of trial tactics and is given much deference. Smiley v. State, 815 So.2d 1140, 1148(¶ 31) (Miss.2002). From the record we have before us, it could have been trial strategy for McGregory's counsel to allow the lesser-included instruction to be given. Therefore, we cannot say that the failure to object constituted constitutionally deficient performance.
¶ 32. McGregory's final allegation is that his counsel was deficient for failing to use a peremptory strike on Juror Thigpen. While Juror Thigpen expressed her concern during voir dire about a person's right to self-defense against law enforcement, she stated she would follow the law. Further she stated that she would be fair and impartial toward McGregory. This Court has held that "[i]n the face of the jurors' statements that they would be fair and impartial," counsel is not ineffective for failing to use a peremptory strike against them. McCoy v. State, 954 So.2d 479, 486(¶ 21) (Miss.Ct.App.2007). Likewise, we cannot say from the record that counsel was ineffective when it chose not to use a peremptory strike on Juror Thigpen.
¶ 33. This Court's reading of the record does not give it the unquestionable impression that McGregory's counsel was ineffective. Thus, we find no basis to hold that the trial court should have sua sponte found that McGregory's counsel was constitutionally ineffective. Therefore, in accordance with the procedure set out in Read, our finding is without prejudice as to McGregory's right to raise an ineffective assistance of counsel claim via post-conviction proceedings.

CONCLUSION
¶34. McGregory has alleged that the trial court committed several errors. After a review of those allegations, we find no reversible error committed by the trial court. Further, the Court finds that the evidence was sufficient to support the verdict, and the verdict was not against the overwhelming weight of the evidence. Finally, we find that the trial court did not err when it failed to find, sua sponte, that McGregory received ineffective assistance of counsel. However, our finding does not preclude McGregory from attempting to raise this claim in a motion for post-conviction relief.
¶ 35. Therefore, we affirm the judgment of the trial court.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF COUNT II SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS, COUNT III SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II, AND COUNT IV SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS II AND III, AND COUNT V AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY TO THE SENTENCES IN COUNTS II, III, AND IV, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT *23 OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING AND BARNES, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.