816 So.2d 466 (2002)
Contea EICHELBERGER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-02083-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*467 Richard Burdine, Columbus, attorney for appellant.
Office of the Attorney General By Scott Stuart, attorney for appellee.
BEFORE SOUTHWICK, P.J., THOMAS, IRVING, and MYERS, JJ.
MYERS, J., for the court.
¶ 1. Contea Eichelberger was convicted of sale of twenty dollars worth of cocaine in Winston County. His first trial ended with a hung jury. At the end of his second trial, he was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with twenty-five to serve and five years post-release supervision. Eichelberger now appeals the denial of his JNOV and the jury verdict claiming it was against the overwhelming weight of the evidence.

FACTS
¶ 2. A confidential informant purchased twenty dollars worth of crack cocaine from an individual on November 24, 1998. The individual was later identified as Contea Eichelberger and the confidential informant's identity was Alvin Lowery. Alvin Lowery was paid for his role in this sting operation in which Eichelberger was not a predetermined target.

STANDARD OF REVIEW
¶ 3. For review of a judgment notwithstanding the verdict or in the alternative a new trial, our procedure is well settled. These are two very distinct requests that are evaluated on different criteria. A denial of a new trial motion is evaluated as to the weight of the evidence and the denial of a JNOV is whether sufficient evidence existed to warrant the verdict and whether fair-minded jurors could have arrived at the same verdict. The standard for a JNOV is not whether it was against the overwhelming weight of the evidence. White v. State, 761 So.2d 221, 224(¶ 10) (Miss.Ct.App.2000).
¶ 4. Furthermore, to discern that the jury verdict is against the weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss. 2000). In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice.'" Crawford, 754 So.2d at 1222(¶ 30), citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); see also Herring v. State, 691 So.2d 948, 957 (Miss. 1997).

DISCUSSION
¶ 5. The testimony in this case is in direct conflict. The State's evidence indicated that Eichelberger sold crack to a confidential informant. They have video and audio tape of the transaction. The video does not show Eichelberger giving anything to the confidential informant, but the audio version suggested that a transfer took place. The informant testified as an eyewitness to the transaction. Eichelberger alleges that the informant was not sufficiently searched and had the crack on him at the time of the meeting. Eichelberger contends that he did not make the sale of crack to the informant. There *468 were questions of fact that were resolved by the jury. "Where there is conflicting testimony, the jury is the judge of the credibility of the witnesses," their testimony and the evidence presented. Wetz v. State, 503 So.2d 803, 812 (Miss.1987).
¶ 6. As provided in the above paragraph, sufficient evidence was presented to deny Eichelberger's JNOV. In addition, Eichelberger suggests that he should have been granted a new trial. Also based on the above paragraph, the verdict was not against the overwhelming weight of the evidence.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS WITH TWENTY-FIVE YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS POST-RELEASE SUPERVISION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.