843 So.2d 47 (2002)
Glenn SHIRLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00873-COA.
Court of Appeals of Mississippi.
August 20, 2002.
Rehearing Denied October 8, 2002.
Certiorari Denied April 17, 2003.
Dan W. Duggan Jr., Brandon, Attorney for Appellant.
Office of the Attorney General, by W. Glenn Watts, Jackson, Attorney for Appellee.
*48 Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
LEE, J., for the Court.
¶ 1. Glenn Shirley was convicted of gratification of lust and was sentenced to fifteen years' imprisonment by the Hinds County Circuit Court. He appeals, asserting two issues: the circuit court erred in its application of the tender years doctrine and hearsay exception of M.R.E. 803(25), and the circuit court erred in refusing his motion for a directed verdict or in the alternative a judgment notwithstanding the verdict. Finding that neither issue has merit, we affirm.

FACTS
¶ 2. During April and May of 1999, Shirley had a number of people living in his household: his girlfriend, L.P.; L.P.'s eight year-old daughter, A.P.; Shirley's daughter, Melissa McMillian; Melissa McMillian's husband, Donald McMillian; and another man, Bruce Pice. One day at school, A.P. told some of her second grade classmates that Shirley had molested her. The record is not entirely clear whether these children's parents telephoned A.P.'s second grade teacher, Trendi Johnson, or whether Johnson herself noticed something amiss with the children and questioned A.P. on her own initiative, but it is clear that A.P. told her teacher of the allegation as well. A.P. said that she had not told anyone of the molestation before because Shirley had threatened to "paddle" her if she did so. A.P. could not state the number of times Shirley molested her, but she testified that it occurred at least twice.

DISCUSSION

I. JOHNSON'S TESTIMONY
¶ 3. The State called Johnson to testify as to the what A.P. had told her of the alleged molestation, and Shirley objected to Johnson's testimony on the basis that it was hearsay. The circuit court found the testimony admissible under M.R.E. 803(25), an exception to the hearsay rule that provides:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
Appellate review of determinations of whether to admit hearsay is limited to whether an error of law occurred, and if it did not, then appellate review is limited to the abuse of discretion standard. Baine v. State, 606 So.2d 1076, 1078 (Miss.1992). During the trial, Johnson objected only on the issue of whether the hearsay was admissible.
¶ 4. The record shows that the circuit court correctly applied the rule from Veasley v. State, 735 So.2d 432 (Miss.1999). In Veasley, the court held that for a child under twelve years of age, a rebuttable presumption existed that the child was of tender years, and if the presumption was not rebutted, then the trial court must conduct a hearing outside of the presence of the jury to determine whether the statement has sufficient indicia of reliability as required by M.R.E. 803(25). Id. at 437(¶ 16). In the present case, the circuit court expressly referenced the Veasley holding, finding that since A.P. was only eight years old at the time of the alleged *49 molestation, a rebuttable presumption existed that she was of tender years. The circuit court asked Shirley if he wished to rebut this in any way, but Shirley declined to do so.
¶ 5. Outside the presence of the jury, the circuit court then conducted the hearing by allowing the State to call Johnson. After Johnson's testimony, the circuit court ruled that her testimony was credible and should be admitted. At that point, Shirley again objected. "I would object. I think it's just blatant hearsay. I don't think there's any need for it. I think [A.P.] was a very credible witness ... and I don't think there's any reason for this teacher to be allowed to come in here and utter these hearsay statements." While Shirley did not expressly object to A.P. being of tender years when the circuit court asked for any objection, his objection was made prior to the jury hearing Johnson's testimony, and the substance of the objection was that A.P. was a credible witness who was well able to tell what she accused Shirley of doing, and as such, she should not have been considered to be of tender years. However, the record reveals that A.P. did not know the correct anatomical terms for various body parts, and that she was unable to identify the exact number of times she was molested, and that she initially feared she would "get in trouble or something" if she told her mother about the molestation, nor was she certain that Shirley's molestation of her was "wrong" at the time it occurred because Shirley assured her that he was doing nothing wrong. The age of the child that is to be considered for the determination of tender years is the age at the time the out-of-court statements were made, not the date of the trial. McGowan v. State, 742 So.2d 1183, 1186(¶ 18) (Miss.Ct.App. 1999). At the time of her testimony A.P. was nine, one year older than when she was molested, and even at that time her youth prevented her from clearly expressing herself. We find the circuit court was well justified in finding A.P. to be of tender years, and there is no merit to the contention that the doctrine of tender years should not apply to this case.
¶ 6. On appeal, Shirley also asserts that the circuit court erred in failing to apply twelve criteria going to indicia of reliability that are listed in the comments to M.R.E. 803(25). The comment provides:
Some factors that the court should examine to determine if there is sufficient indicia of reliability are (1) whether there is an apparent motive on declarant's part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declarant's faulty recollection is remote; (8) certainty that the statements were made; (9) the credibility of the person testifying about the statements; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statement; and (12) whether the declarant's age, knowledge, and experience make it unlikely that the declarant fabricated.
M.R.E. 803(25) comment. This issue was not preserved by a contemporaneous objection, and the trial court will not be found in error unless the appellant contemporaneously objected and allowed the trial court to address the issue that is contended to be an error. Gatlin v. State, 724 So.2d 359, 369 (¶ 43) (Miss.1998). Additionally, the record shows that the circuit court expressly ruled on Johnson's testimony and indicia of reliability, finding that *50 there was no motive to lie, Johnson's character was not disputed, the statements were spontaneous and not coerced, Johnson and A.P. had a teacher-child relationship, and Johnson's testimony was credible. Even assuming the issue was not waived, the circuit court conducted a thorough analysis of the indicia of reliability it found to apply to the facts of the case.
¶ 7. Shirley further appears to contend that the United States Supreme Court decision in Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), required the circuit court to conduct an analysis of indicia of reliability and issue findings on each specific twelve criteria contained in M.R.E. 803(25). This is a misstatement of that case. Wright does not explicitly list all of these criteria, but instead expressly stated courts had "considerable leeway" in making their determinations and declined to adopt a "mechanical test." Id. at 822, 110 S.Ct. 3139. Moreover, there is no suggestion that M.R.E. 803(25) fails to comport with any constitutional protections. Therefore, to the extent that Shirley raises violation of his rights under the Sixth Amendment to the United States Constitution, this issue is without merit.

II. SUFFICIENCY OF THE EVIDENCE
¶ 8. Shirley contends the circuit court erred in not granting his motion for a directed verdict or in the alternative a judgment notwithstanding the verdict. Our supreme court stated the applicable standard of review in McClain v. State, 625 So.2d 774 (Miss.1993).
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the accused's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Id. at 778 (citations omitted).
¶ 9. The record shows that A.P. consistently stated that on at least two occasions Shirley came into her bedroom and touched and rubbed her in her genital area and forced her to touch his penis. This testimony was confirmed by Johnson's testimony. Additionally, a psychologist with the Children's Advocacy Center in Jackson testified as to A.P.'s reactions to an examination and her reactions to anatomical dolls and drawings, and this testimony was also consistent with A.P.'s testimony. The evidence was sufficient to find Shirley committed the offense of gratification of lust, and there is no merit to this assignment of error.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF GRATIFICATION OF LUST AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.