868 So.2d 1027 (2003)
Chaddrick BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01667-COA.
Court of Appeals of Mississippi.
November 25, 2003.
Rehearing Denied January 27, 2004.
Certiorari Denied March 25, 2004.
Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
KING, P.J., for the Court.
¶ 1. Chaddrick Brown was found guilty of armed robbery in the Circuit Court of Rankin County. He was sentenced to a term of forty years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Brown has appealed and raised the following issues:
I. Whether the trial court committed reversible error when it failed to exclude hearsay evidence.
II. Whether Brown received effective assistance of counsel.

FACTS
¶ 2. Dennis Wade, an assistant manager on the night shift at Burger King on Pearson Road in Pearl, testified that he was robbed at gunpoint. Mr. Wade testified that shortly after midnight on July 16, 1998, he had finished counting the store's money for the day, placed it in a deposit bag, and got into his car. According to Wade, someone opened the door and put a gun in his face.
*1028 ¶ 3. The robbery was investigated by Detective Aaron Hirschfield of the Pearl Police Department. Hirschfield stated that in interviewing Wade, the name of Jerry Windham, a former employee was mentioned as a possible suspect. While being interviewed by Hirschfield, Windham stated that he should "check out" Chaddrick Brown, also a former employee. As the investigation continued, Hirschfield was contacted by Gregory Usry who indicated that he might have some information concerning the robbery at Burger King.
¶ 4. Hirschfield testified that Usry told him about Carl Snell who might know about the robbery as well. Hirschfield then interviewed Snell and Justin Evans, another person he discovered through his investigation who might have some information regarding the robbery. Subsequently, Hirschfield obtained a written and videotaped statement from Evans that he and Brown robbed Wade.
¶ 5. Evans testified that he and Brown waited near the drive-through window for the night manager to come out. As the manager approached his car with the money bag, Brown put a gun in his face and took the money. After Evans and Brown took the money from the manager, they ran to the Harold Apartments, split the money, and went home.
¶ 6. Brown denied involvement in the robbery and testified to some uncertainty as to his whereabouts on the day of the robbery.
¶ 7. On cross-examination, Brown volunteered information about having previously been in jail. In response to questions on this volunteered information, Brown indicated that he was in a military type of program in "Sunflower County, state penitentiary." No objection was offered to these questions or responses.

ISSUES AND ANALYSIS

I.
Whether the trial court committed reversible error when it failed to exclude hearsay evidence.
¶ 8. Brown asserts that the trial court erred when it allowed hearsay testimony to be admitted into evidence despite the objections raised. Brown claims that the cumulative effect of the hearsay prevented his receipt of a fair trial.
¶ 9. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c); Harrison v. State, 722 So.2d 681(¶ 4) (Miss.1998).
¶ 10. Brown contends that the State elicited a number of responses from Detective Hirschfield which constituted hearsay. The testimony of which Brown complains may generally be described as Detective Hirschfield's detailing of the actions taken in his investigation and the reasons for those actions. Where objection is made, the trial court must first determine whether the statement is hearsay. If the statement is determined to be hearsay, then the question of whether or not the statement meets one of the exceptions under Mississippi Rules of Evidence 803[1] or 804 must be addressed. Our review of the record reveals that no objection was made to most of this testimony.
¶ 11. The failure to object to the admission of inappropriate evidence precludes this Court's review of that matter. *1029 Duplantis v. State, 644 So.2d 1235, 1247 (Miss.1994). This Court will not place a trial court in error on a matter which was not placed before it. Bishop v. State, 771 So.2d 397 (¶ 14) (Miss.Ct.App.2000).
¶ 12. However this information would have been admissible even if Brown had made a timely objection. It is elemental that a police officer may testify that he received a complaint, and the action which he took as a result of that complaint. Butler v. State, 758 So.2d 1063 (¶ 10) (Miss.Ct. App.2000).
¶ 13. The record does reflect that Brown objected when Detective Hirschfield offered the following testimony:
Q. Based on that interview with Mr. Usry, where were you in your suspect search after this interview?
A. Still with Chaddrick Brown and another name came up of Carl Snell.
Q. So Carl Snell's name popped up out of Greg Usry?
A. Yes, sir, it did.
Q. Were you able to determine from your interview with Mr. Usry the source of Mr. Usry's reported information?
A. Yes, sir, I was.
Q. What did you determine to be the source of his information?
MR. ROGERS (Brown's attorney): Your Honor, I object to that because he's using that, and it's hearsay is what he's doing with that report.
THE COURT: Well, he hasn't testified to any hearsay from the report that I've heard so far. He's trying to lay a foundation for a police investigation, I think. As long as he's not repeating anything the witness said, I think he can outline for the jury where his investigation led him. And I think that's what he's trying to do.
MR. ROGERS: Your Honor, for the record he's not reading from it. Trying to get it in the back door, because saying what's contained in it. He's back dooring [sic] it that way.
THE COURT: Overruled. I caution the witness not to testify what any person told him.
Q. (Mr. Jones, continuing): My question was this. After your interview with Mr. Usry, were you able to determine the source of Mr. Usry's information?
MR. ROGERS: I object to that.
THE COURT: Overruled.
MR. ROGERS: That's still hearsay.
THE COURT: Overruled.
A. Yes, sir, I was.
Q. (Mr. Jones, continuing): What was that source?
A. The source was Chaddrick Brown.
¶ 14. The testimony set out above was hearsay, and should have been excluded. The failure to exclude that testimony was error. However, that error became harmless when Greg Usry subsequently testified to the same information. While Usry's testimony was also hearsay, it was admissible as a statement against interest under Rule 804(b)(3)[2] of the Mississippi Rules of Evidence.
*1030 ¶ 15. This Court has consistently held that "the relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Alexander v. State, 759 So.2d 411(¶ 9) (Miss.2000). Under these facts, this Court cannot say that discretion has been abused. Accordingly, we hold this issue to be without merit.

II.
Whether Brown received effective assistance of counsel. ¶ 16. Brown asks this Court to reverse his conviction due to the supposed ineffective assistance of his attorney. He specifically argues that defense counsel should have objected to the admission of information of Brown's prior incarceration.
¶ 17. The testimony of which Brown complains is as follows:
Q. But back in February, were you reading your Bible then?
A. Back in February when I was in jail?
Q. Yeah.
A. Yes, sir. When I got to jail on February 14th, I went to the RID.
Q. You went to RID?
A. Yes, sir.
Q. How long did you do in RID?
A. Six months.
Q. What is RID?
A. Like a program, like, you know, like a military, basic program, you know, just go through there and get your life together and stuff like that. You know, you just do basically what the military do [sic].
¶ 18. The information of which Brown complains was not sought from Brown, but rather was volunteered by him. This Court will not entertain an appellant's complaint concerning evidence which he brought out at trial. Garmon v. State, 755 So.2d 542(¶ 8) (Miss.Ct.App.1999).
¶ 19. This issue is without merit.
¶ 20. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Mississippi Rule of Evidence 803 provides hearsay exceptions when the declarant is available. Mississippi Rule of Evidence 804 provides hearsay exceptions when the declarant is unavailable.
[2] Mississippi Rule of Evidence 804(b)(3) provides: (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (3) Statement Against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.