904 So.2d 1122 (2004)
Timothy Edward PERRY a/k/a "Timbo", Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00408-COA.
Court of Appeals of Mississippi.
October 12, 2004.
*1123 Gary Street Goodwin, Columbus, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. On November 20, 2002, in the Circuit Court of Lowndes County, Timothy Edward Perry was convicted of sexual battery and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. Perry appeals his conviction, raising the following issues:
I. DID THE TRIAL COURT ERR IN FAILING TO CONDUCT A HEARING OUTSIDE THE PRESENCE OF THE JURY PURSUANT TO M.R.E. 803(25) TO DETERMINE THE ADMISSIBILITY OF CERTAIN STATEMENTS MADE BY THE CHILD VICTIM TO WITNESSES?
II. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW LEADING QUESTIONS TO BE ASKED OF ONE OF THE DEFENSE'S WITNESSES?
III. DID THE TRIAL COURT ERR IN NOT FINDING INEFFECTIVE ASSISTANCE OF COUNSEL?
IV. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. Finding that Perry failed to preserve the evidentiary issues by objection at trial, that neither of the Strickland factors were present, and that the jury verdict was supported by the evidence, we affirm the circuit court's ruling.

FACTS
¶ 3. On July 22, 2001, D.D. told her mother, Tammy, that her stepfather, Perry, had sexually abused her. Perry was over thirty years of age and D.D. was under the age of fourteen at the time of the alleged incidents. Tammy and Perry were married at this time, and D.D. lived in the home with Tammy and Perry. The incidents took place over an uncertain period of time, measured roughly by D.D.'s recollection of her grade in school when the acts of abuse were committed. D.D. concealed the sexual abuse from her mother for some time, because D.D. feared Perry and feared that she would be taken away from her mother if the abuse became known. An argument between Tammy and Perry, which resulted in Tammy becoming distraught, led D.D. to tell her mother what had been happening to her.
¶ 4. D.D. testified that when her mother was at work and away from the home Perry would commit the acts of sexual abuse. The record and the briefs detailed various specific facts about the abuse that we have no desire to repeat here. Suffice it to say that the State produced medical testimony in addition to D.D.'s testimony and other evidence that D.D. had been molested. Among those testifying for the State were a sheriff's officer specializing in sexual and physical abuse, a nurse practitioner *1124 who conducted a physical examination of D.D., and a licensed professional counselor with experience in the area of child sexual abuse. Perry maintains that he is innocent of the charges.

LEGAL ANALYSIS

I. DID THE TRIAL COURT ERR IN FAILING TO CONDUCT A HEARING OUTSIDE OF THE PRESENCE OF THE JURY PURSUANT TO M.R.E. 803(25) TO DETERMINE THE ADMISSIBILITY OF CERTAIN STATEMENTS MADE BY THE CHILD VICTIM TO WITNESSES?
¶ 5. Perry argues that the trial court committed reversible error in failing to conduct an 803(25) hearing outside of the presence of the jury to determine the admissibility of statements the child victim made to witnesses for the State. The referenced rule, Mississippi Rule of Evidence 803(25), provides:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
M.R.E. 803(25).
¶ 6. The State argues that this issue may not be raised on appeal, since it was not raised at trial, and that in any event the argument is without merit because the statements, if hearsay, would fit within one of the hearsay exceptions.

STANDARD OF REVIEW
¶ 7. "The standard of review for either the admission or exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss.2002) (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 113 (Miss.1999)). This Court will not reverse an erroneous admission or exclusion of evidence unless the error adversely affects a substantial right of a party." Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004). Employing this standard, we would ordinarily examine the trial court's ruling for abuse of discretion and then inquire into the affect, if any, this ruling had on a substantial right of the party. However, we find that we need not address the merits of this issue, because Perry failed to raise the issue in the trial court.

DISCUSSION
¶ 8. The applicable rule of evidence in this regard is Mississippi Rule of Evidence 103(a), which reads in relevant part, "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and (1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection...." M.R.E. 103(a). Since the issue involved the admission of alleged hearsay statements or other testimony without an 803(25) hearing, Perry would have had to object or move to strike in the trial court in order to predicate an error on appeal. A review of the record indicates that Perry made no such objection or motion to strike in the trial court.
¶ 9. Thus, any objection Perry may have had to the admission of testimony *1125 given without a prior 803(25) hearing has been waived, and he may not raise that issue now. "The failure to object to the admission of inappropriate evidence precludes this Court's review of that matter. Duplantis v. State, 644 So.2d 1235, 1247 (Miss.1994). This Court will not place a trial court in error on a matter which was not placed before it. Bishop v. State, 771 So.2d 397(¶ 14) (Miss.Ct.App.2000)." Brown v. State, 868 So.2d 1027, 1028-29 (¶ 11) (Miss.Ct.App.2003); Gatlin v. State, 724 So.2d 359, 369 (¶ 43) (Miss.1998); Shirley v. State, 843 So.2d 47, 49(¶ 6) (Miss.Ct.App.2002) (finding on an objection based upon M.R.E. 803(25) that "the trial court will not be found in error unless the appellant contemporaneously objected and allowed the trial court to address the issue that is contended to be an error."). Finding that Perry failed to raise this issue at trial, we decline to consider this issue on appeal, and we affirm the trial court's ruling.

II. DID THE TRIAL COURT ERR IN REFUSING TO ALLOW LEADING QUESTIONS TO BE ASKED OF ONE OF THE DEFENSE'S WITNESSES?
¶ 10. Perry also asserts that the trial court erred in refusing to allow his counsel to ask Tammy Perry leading questions. Perry argues that he should have been allowed to treat Tammy Perry as an adverse or hostile witness, thus permitting the use of leading questions. The State argues that this issue may not be raised on appeal, since it was not raised at trial, and that in any event Perry's defense was not adversely affected by this ruling.

STANDARD OF REVIEW
¶ 11. The standard of review for this issue is the same standard that applied to the first issue, namely abuse of discretion. Gibson, 870 So.2d at 1258 (¶ 28).

DISCUSSION
¶ 12. As with the first issue above, the record indicates that this issue was not properly raised in the trial court. Therefore, this issue may not be raised now on appeal, and the same authorities quoted in the discussion of the first issue above apply here. Brown, 868 So.2d at 1028-29 (¶ 11); Shirley, 843 So.2d at 49(¶ 6); M.R.E. 103(a).
¶ 13. We note, however, that counsel for Perry made a passing reference to treating the witness as adverse or hostile, to which the trial court noted that the witness was not adverse or hostile because the witness was called by Perry. While we have concluded that we need not consider the merits of this issue on appeal and affirm on that ground, we find that the trial court, in any event, did not abuse its discretion in refusing to allow leading questions to be posed to Tammy Perry.

III. DID THE TRIAL COURT ERR IN NOT FINDING INEFFECTIVE ASSISTANCE OF COUNSEL?

DISCUSSION
¶ 14. Perry contends that his constitutional rights have been violated due to ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The State argues that neither of the prongs of the Strickland test were met in this case.
¶ 15. This Court has previously held:

Strickland provides a two-prong test to determine counsel's ineffectiveness. Both components of the two-prong test must be satisfied in order to obtain the reversal of a conviction. Id. The appellant *1126 must establish that counsel's performance was deficient, and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 686, 104 S.Ct. 2052. If the appellant does not satisfy both prongs, the appellate court can conclude that the trial court produced a reliable result.
Hall v. State, 735 So.2d 1124, 1127(¶ 6) (Miss.Ct.App.1999).
¶ 16. Notably, this Court has declared with respect to the first prong of the test, "The Constitution does not guarantee a right to errorless counsel." Id. In this regard, the Strickland decision declares:
[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' See Michel v. Louisiana, supra, 350 U.S. [91], at 101, 76 S.Ct. [158], at 164[, 100 L.Ed. 83 (1955)]. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.
Strickland, 466 U.S. at 689-90, 104 S.Ct. 2052.
¶ 17. We find that the first prong of the Strickland test was not met in this case. While the record shows the performance of Perry's counsel to be less than perfect, we do not find anything in the record to indicate that the performance of Perry's counsel was not "within the wide range of reasonable professional assistance." Id. Yet, even were we to find that Perry's counsel was deficient, given the evidence adduced by the State, we cannot find that Perry was prejudiced by any such deficiency. This brings us to the second prong of the test.
¶ 18. In the second prong of the Strickland test "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Given the evidence put on by the State, we find that even if counsel's performance had been deficient, there is no reasonable probability that the verdict would have been different. Therefore, we find that the trial court did not err in refusing to recognize ineffective assistance of counsel.

IV. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 19. Perry asserts that the circuit court erred in denying his motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The State argues that the verdict was supported by the weight of the evidence.

STANDARD OF REVIEW
¶ 20. We apply different standards in reviewing motions for JNOV and for a new trial:
For review of a judgment notwithstanding the verdict or in the alternative a new trial, our procedure is well settled. These are two very distinct requests that are evaluated on different criteria. A denial of a new trial motion is evaluated as to the weight of the evidence and the denial of a JNOV is whether sufficient evidence existed to warrant the verdict and whether fair-minded jurors could have arrived at the same verdict. The standard for a JNOV is not whether it was against the overwhelming weight *1127 of the evidence. White v. State, 761 So.2d 221, 224(¶ 10) (Miss.Ct.App.2000).
Furthermore, to discern that the jury verdict is against the weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss.2000). In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction `unconscionable injustice.'" Crawford, 754 So.2d at 1222(¶ 30) citing Groseclose v. State, 440 So.2d 297, 300 (Miss.1983); see also Herring v. State, 691 So.2d 948, 957 (Miss.1997).
Eichelberger v. State, 816 So.2d 466, 467 (¶¶ 3-4) (Miss.Ct.App.2002). Thus, the standard of review for the grant or denial of a JNOV is whether "sufficient evidence existed to warrant the verdict and whether fair-minded jurors could have arrived at the same verdict," and the standard for the grant or denial of a new trial is whether the verdict was "so contrary to the overwhelming weight of the evidence" that not overturning the verdict "would sanction an unconscionable injustice." Id.

DISCUSSION
¶ 21. The evidence presented at trial included the sworn testimony of the victim, her mother, a sheriff's officer with much experience in child sexual abuse matters, a nurse practitioner with much experience in pediatrics generally and child sexual abuse particularly, and a licensed professional counselor with experience in the area of child sexual abuse. The physical examination conducted by the nurse practitioner revealed that D.D.'s hymen was no longer intact and that D.D. had suffered a vaginal tear indicative of forced penetration by an adult male. Perry's response to this evidence was the bald assertion that D.D. was lying, because her mother put her up to it.
¶ 22. Applying the standards set forth above, we find that the trial court did not err in denying Perry's motion for JNOV or, in the alternative, for new trial. The evidence was sufficient to warrant the verdict, and fair-minded jurors could have arrived at the same verdict. Moreover, the weight of the evidence clearly supported the verdict. Therefore, we affirm the circuit court's ruling.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.