958 So.2d 818 (2007)
Timothy PRYER a/k/a Tim a/k/a Timothy Gene Pryer, Appellant.
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02014-COA.
Court of Appeals of Mississippi.
March 6, 2007.
Rehearing Denied June 26, 2007.
*819 Lori Nail Basham, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. On October 6, 2005, in the Circuit Court of Itawamba County, Timothy Gene Pryer was convicted of sexual battery and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve and five years suspended pending successful completion of five years post-release *820 supervision. Pryer was also fined $5,000, ordered to pay all court costs, and ordered to register with the State of Mississippi as a sex offender. Aggrieved by the judgment of the circuit court, Pryer appeals his conviction, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING M.R.E. 803(25) TESTIMONY?
II. WHETHER THE CIRCUIT COURT ERRED IN DENYING PRYER'S MOTION FOR DIRECTED VERDICT AND WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 2. Finding no error, we affirm the decision of the circuit court.

STATEMENT OF THE FACTS
¶ 3. On July 19, 2004, ten-year-old S.F. told her mother that her stepfather, Pryer, had sexually abused her. S.F.'s statement was in response to her mother's inquest as to whether her stepfather or anybody else had ever touched her inappropriately. S.F.'s mother testified at trial that she had no reason to suspect Pryer of sexual abuse, but periodically asked S.F. this question because she has repressed memories of sexual abuse during her own childhood. S.F.'s mother and Pryer were married at the time of the incidents, and S.F. and her two brothers lived in the home with their mother and Pryer. Pryer worked days as a self-employed construction worker and would stay home with his stepchildren while their mother worked nights at a nursing home in Tupelo, Mississippi. The alleged incidents took place over an uncertain period of time. S.F. originally told her mother that Pryer began touching her inappropriately prior to school letting out in May 2004, but at trial she testified that the incidents began just before Christmas 2003. However, S.F. consistently stated that the last incident occurred during the week prior to July 19, 2004.
¶ 4. S.F. testified that, when her mother was at work, Pryer would make her sit in his lap as he placed his hand down her pants and touched her inappropriately. The record and briefs detailed the specific facts about the abuse that we have no desire to repeat here. Suffice it to say that the State produced medical testimony consistent with S.F.'s testimony that she had been sexually abused. Among those testifying for the State were the victim, the victim's mother, a social worker with the Department of Human Services, Tawnya Lagley, who interviewed S.F. regarding the abuse, a criminal investigator with the Itawamba County Sheriff's Department, Leonard Prien, who investigated the case and sat in on S.F's interview with DHS, and Dr. William L. Marcy, the doctor that conducted the physical examination of S.F. shortly after the incidents were reported. On appeal, Pryer maintains that the circuit court admitted the testimony of the victim's mother, DHS Social Worker Langley, and Investigator Prien in error and that the State failed to prove sexual penetration, an essential element of the crime of sexual battery.

LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN ALLOWING M.R.E. 803(25) TESTIMONY?

STANDARD OF REVIEW
¶ 5. "The standard of review for either the admission or exclusion of evidence is abuse of discretion." Perry v. State, 904 So.2d 1122, 1124(¶ 7) (Miss.Ct. App.2004) (quoting Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss.2002)). "This Court will not reverse an erroneous admission or exclusion of evidence unless *821 the error adversely affects a substantial right of a party." Perry, 904 So.2d at 1124(¶ 7) (citing Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004)). Employing this standard, we examine the trial court's ruling for abuse of discretion and then inquire into the affect, if any, this ruling had on a substantial right of the party.

DISCUSSION
¶ 6. Pryer argues that the circuit court erred in admitting, under the "tender years exception" to the hearsay rule, embodied in Mississippi Rule of Evidence 803(25),[1] the victim's mother's, DHS Social Worker Langley's, and Investigator Prien's testimony as to what S.F. told them about the sexual abuse she experienced. Pryer maintains that the statements made by S.F. to her mother, DHS Social Worker Langley, and Investigator Prien, as well as S.F.'s own testimony at the Rule 803(25) hearing lacked spontaneity. Pryer contends that spontaneity is a requirement to the admissibility of Rule 803(25) testimony and cites a list of twelve factors, found in the comment to Rule 803(25)[2], that the court should apply in determining whether the circumstances under which the statements were made present sufficient indicia of reliability. Pryer also cites the testimony of Dr. Louis Masur, III, a clinical psychologist called on behalf of the defense, who stated that questions asked by social workers regarding sexual abuse unintentionally lead children to allege sexual abuse, and that the repeated questioning by the victim's mother coupled with the questions asked by Langley were "leading enough to implant a suggestion that the child had been sexually abused."
¶ 7. In addition to a lack of spontaneity, Pryer alleges that, inconsistences as to the time and place of the incidents of sexual battery, found in S.F.'s testimony during the 803(25) hearing, illustrate S.F.'s faulty recollection, and that remoteness of the declarant's faulty recollection is a factor for the court to consider under the comment to Rule 803(25). The testimony offered at the Rule 803(25) hearing indicated that S.F. originally told her mother that the incidents began in May of 2004, but she testified that the incidents began before Christmas 2003 at the trial. However, S.F. consistently stated that the last incident occurred during the week prior to July 19, 2004. Pryer further complains that S.F. testified at the Rule 803(25) hearing that the incidents always occurred on a recliner in the living room, but at trial, she included the bedroom as one of the places that the sexual abuse occurred.
*822 ¶ 8. The record shows that the circuit judge conducted the required Rule 803(25) hearing outside the presence of the jury. At the Rule 803(25) hearing, the circuit judge heard extensive testimony by witnesses for both the prosecution and the defense. In his ruling on the admissibility of the proffered Rule 803(25) testimony, he accepted the testimony of the victim, the victim's mother, DHS Social Worker Langley, and Investigator Prien, regarding the alleged sexual abuse, finding sufficient indicia of reliability. The circuit judge, in support of his ruling, made extensive findings as to the factors necessary to ascertain the veracity of the proffered Rule 803(25) testimony and encompassed the factors listed in the comment to the rule. Those findings included: (1) that the victim at ten years of age was of tender years at the time of the alleged incidents; (2) that the victim had no apparent motive to lie about the alleged sexual abuse; (3) that although the original allegations were not spontaneous and were spoken when only her mother was present, the victim repeated the statements to Investigator Prien, DHS Social Worker Langley, and in court in a manner consistent with her original allegation; (4) that the timing of the declaration was approximately one week after the last incident; (5) that the relationship between the victim and the persons testifying was not an issue influencing the statements; (6) that there was no evidence that the victim or the declarants had a faulty recollection; (7) that the declarants were certain as to the statements made by the victim; (8) that there was no evidence offered that called into question the credibility of the victim's mother, DHS Social Worker Langley, or Investigator Prien, and that none of them had an apparent motive to lie; (9) that the victim appeared to know the difference between right and wrong, was of sufficient age to know that the alleged incidents of abuse constituted inappropriate touching, and had never accused anyone else of sexual abuse, all of which make it unlikely that the allegations were fabricated; (10) that no suggestive techniques were used in eliciting the victim's statements; and (11) that the statements were corroborated by the use of an anatomical doll which was used by the victim to demonstrate where she was inappropriately touched by Pryer, as well as by the medical testimony of Dr. Marcy that physical evidence existed that he considered to be consistent with the alleged sexual abuse.
¶ 9. We find that the circuit judge followed the proper procedure required by Rule 803(25) of the Mississippi Rules of Evidence. Therefore, the circuit judge did not abuse his discretion and the ruling did not adversely affect a substantial right owed to Pryer. Accordingly, we find this issue to be without merit.
II. WHETHER THE CIRCUIT COURT ERRED IN DENYING PRYER'S MOTION FOR DIRECTED VERDICT AND WHETHER THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

STANDARD OF REVIEW
¶ 10. Assignments of error based upon a denial of a motion for a directed verdict challenge the sufficiency of the evidence. Boose v. State, 851 So.2d 391, 394(¶ 13) (Miss.Ct.App.2003). The standard of review of a claim that the evidence is insufficient to support the verdict requires the reviewing court to accept as true all evidence tending to support the verdict, including the inferences derived therefrom, and ask the question, "after viewing the evidence in the light most favorable to the prosecution, [if] any rational juror could have found the essential *823 elements of the crime beyond a reasonable doubt." Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005). This Court may only reverse the denial of the directed verdict "where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Boose, 851 So.2d at 394(¶ 14).
¶ 11. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). "Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Herring, 691 So.2d at 957 (citing Benson v. State, 551 So.2d 188, 193 (Miss.1989)). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Herring, 691 So.2d at 957 (citing Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)).

DISCUSSION
¶ 12. Pryer argues that the trial court erred in failing to grant his motion for directed verdict because the State's medical expert testified only that the physical examination of the victim revealed signs consistent with, but not proof of, "sexual penetration," and that a young child is not capable of identifying when "sexual penetration" has occurred. For these reasons, and in combination with Pryer's allegation that the testimony admitted under Rule 803(25) lacked sufficient indicia of reliability, Pryer argues that the verdict of the jury was against the overwhelming weight of the evidence and asks this Court to reverse and remand for a new trial.
¶ 13. We first address Pryer's challenge to the sufficiency of the evidence. Our supreme court has held that although "penetration is the very essence of sexual battery," only slight penetration is required to constitute the offense. Johnson v. State, 626 So.2d 631, 632-33 (Miss.1993) (quoting Thompson v. State, 468 So.2d 852, 853 (Miss.1985)). Furthermore, penetration need not be established by actual medical evidence. Wilson v. State, 606 So.2d 598, 599 (Miss.1992). This Court has previously held that a child victim's testimony indicating digital penetration of the vagina was sufficient to show that the defendant committed sexual battery. See Pittman v. State, 836 So.2d 779 (Miss.Ct. App.2002). During Pryer's trial, S.F. testified that Pryer, "stuck his hand down my panties and was putting his finger in my middle spot." S.F.'s testimony was corroborated by Dr. Marcy, who testified that his examination of S.F. revealed an inflamed hymen. Dr. Marcy concluded that, because he found no evidence of poor hygiene, vaginal infection, or other known causes of hymen inflammation, that the inflammation was consistent with either digital penetration or with a finger being placed in between S.F.'s labia, but not actually penetrating her genital opening. Furthermore, our supreme court has determined that any penetration of the labia, no matter how slight, is sufficient to establish the element of "sexual penetration" in a rape case. McGee v. State, 452 So.2d 438, 440-41 (Miss.1984). The same standard may also be applied to sexual battery. See Johnson v. State, 626, So.2d 631, 633 (Miss.1993). Viewing the evidence presented at trial in the light most favorable to the State, we find the testimony presented against Pryer sufficient to establish *824 the element of "sexual penetration." Accordingly, we find this issue to be without merit.
¶ 14. Having already disposed of the Rule 803(25) issue raised by Pryer, and finding the evidence presented against Pryer sufficient to establish the element of "sexual penetration" beyond a reasonable doubt, we find that the verdict of the jury was not contrary to the overwhelming weight of the evidence, and affirm Pryer's conviction of sexual battery.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS WITH FIFTEEN YEARS TO SERVE AND FIVE YEARS SUSPENDED PENDING SUCCESSFUL COMPLETION OF FIVE YEARS POST-RELEASE SUPERVISION IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND SAID SENTENCE SHALL NOT BE REDUCED OR SUSPENDED AND SHALL NOT BE ELIGIBLE FOR ANY TYPE OF EARLY RELEASE OR PAROLE, $5000 FINE, ORDERED TO REGISTER WITH THE STATE OF MISSISSIPPI AS A SEX OFFENDER, SHALL NOT HAVE ANY CONTACT DIRECTLY OR INDIRECTLY THROUGH MAIL, THIRD PARTY OR OTHER MEANS WITH THE VICTIM OR ANY MEMBER OF THE VICTIM'S FAMILY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
[2] (1) whether there is an apparent motive on declarant's part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declarant's faulty recollection is remote; (8) certainty that the statements were made; (9) the credibility of the person testifying that the statements were made; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statements; and (12) whether the declarants age, knowledge, and experience make it unlikely that the declarant fabricated. (emphasis added).